IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39038

| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 394 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 6, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ORY LEE-WARRINGTON HANSEN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah Ann Bail, District Judge.

Order relinquishing jurisdiction and requiring execution of unified sentence of seven years, with a minimum period of confinement of two years, for felony operating a motor vehicle while under the influence of alcohol, _affirmed_.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

_____

PER CURIAM

Ory Lee-Warrington Hansen pled guilty to felony operating a motor vehicle while under the influence of alcohol. Idaho Code §§ 18-8004, 18-8005(6). Following his plea, Hansen was sentenced to a unified term of seven years, with two years determinate. The district court retained jurisdiction, and Hansen was sent to participate in the rider program at the North Idaho Correctional Institution (NICI).

After Hansen completed evaluation at NICI, the jurisdictional review committee initially recommended probation; however, NICI subsequently advised the district court that Hansen's behavioral problems had rapidly deteriorated after the probation recommendation. The district

1

court relinquished jurisdiction. Hansen appeals, claiming the district court abused its discretion in imposing the underlying sentence and in refusing to grant probation following the period of retained jurisdiction.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).

The record in this case shows the district court properly considered the information before it and the relevant goals of sentencing in determining the sentence to impose. The record also supports the district court's decision to relinquish jurisdiction. Accordingly, we hold that Hansen has failed to show that the district court abused its discretion, and we, therefore, affirm the order relinquishing jurisdiction.