IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39846

| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 373 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 19, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| WILLIAM FRANKLIN WILLIAMS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Darren B. Simpson, District Judge.

Order relinquishing jurisdiction and executing original sentence of a unified term of six and one-half years, with two and one-half years determinate, without reduction, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

William Franklin Williams pled guilty to grand theft. Idaho Code §§ 18-2403, 18-2407(1)(b). Following his plea, Williams was sentenced to a unified term of six and one-half years, with two and one-half years determinate. The district court retained jurisdiction with the recommendation that Williams participate in programming. In response to a discrepancy in programing placement, Williams filed an Idaho Criminal Rule 35 motion, which the district court denied.

After a period of retained jurisdiction, the North Idaho Correctional Institution recommended that the court relinquish jurisdiction over Williams. Thereafter, the district court

1

relinquished jurisdiction and executed Williams' original sentence without reduction. Williams appeals, contending the district court abused its discretion by relinquishing jurisdiction and by failing to sua sponte reduce his sentence upon relinquishing jurisdiction.

The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows the district court properly considered the information before it and determined that probation was not appropriate.

Upon relinquishing jurisdiction, the trial court is authorized under Idaho Criminal Rule 35 to reduce the sentence. Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Accordingly, the order relinquishing jurisdiction and requiring execution of Williams' original sentence without reduction is affirmed.