# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 40412

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2013 Unpublished Opinion No. 463** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: April 25, 2013** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **ELIAS ARISTOTLE LABRADOR,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Order relinquishing jurisdiction and executing unified sentence of ten years, with two years determinate, for felony rape, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben Patrick McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

Elias Aristotle Labrador pled guilty to felony rape. Idaho Code § 18-6101(1). Following his plea, Labrador was sentenced to a unified term of ten years, with two years determinate. The district court retained jurisdiction, and Labrador was sent to participate in a rider program at the North Idaho Correctional Institution (NICI).

After Labrador completed the rider program, the NICI recommended probation. The district court, however, relinquished jurisdiction. Labrador appeals, contending the district court abused its discretion by relinquishing jurisdiction and by failing to sua sponte reduce his sentence.

1

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate.

Upon relinquishing jurisdiction, the trial court is authorized under Idaho Criminal Rule 35 to reduce the sentence. Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Accordingly, the order relinquishing jurisdiction and requiring execution of Labrador's original sentence without reduction is affirmed.