**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41370**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 553 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 11, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STEPHEN BLAINE MILLIKIN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Lynn G. Norton, District Judge.

Order relinquishing jurisdiction, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

Stephen Blaine Millikin was convicted of domestic battery with traumatic injury, Idaho Code § 18-918(2); destruction of a telecommunication line, I.C. § 18-6819; and resisting and obstructing, I.C. § 18-705. The district court imposed a unified ten-year sentence with a five-year determinate term on the domestic battery charge, concurrent sentences of one year each on the destruction of a telecommunication line and resisting charges, and retained jurisdiction. At the conclusion of the retained jurisdiction program, the district court relinquished jurisdiction and ordered execution of Millikin's sentence, reducing the determinate term from five years to three and one-half years. Millikin appeals.

1

The decision as to whether to place a defendant on probation or, instead, to relinquish jurisdiction is committed to the discretion of the sentencing court. *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). It follows that a decision to relinquish jurisdiction will not be disturbed on appeal except for an abuse of discretion. *State v. Chapman*, 120 Idaho 466, 472, 816 P.2d 1023, 1029 (Ct. App. 1991). Idaho Code § 19-2521 sets out the criteria a court must consider when deciding whether to grant probation or impose imprisonment. A decision to deny probation will not be held to represent an abuse of discretion if the decision is consistent with the Section 19-2521 standards. *State v. Merwin*, 131 Idaho 642, 962 P.2d 1026 (1998). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. Therefore, we hold that the district court did not abuse its discretion.

The order relinquishing jurisdiction is affirmed.