**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38314**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 325 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 19, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JONATHAN MICHAEL PAGE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Darla S. Williamson, District Judge.

Order relinquishing jurisdiction, affirmed.

Sara B. Thomas, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

_____

PER CURIAM

Jonathan Michael Page was convicted of possession of methamphetamine, Idaho Code § 37-2732(c). The district court imposed a unified seven-year sentence with a two-year determinate term, suspended the sentence and placed Page on supervised probation. A report of probation violation was filed and Page admitted to violating several terms of his probation. The district court revoked probation, ordered execution of the original sentence, and retained jurisdiction. At the conclusion of the retained jurisdiction program, the district court again placed Page on supervised probation. A second report of probation violation was filed and Page subsequently admitted to violating probation. The district court revoked probation and ordered a second period of retained jurisdiction. Upon Page's completion of this second period of retained

1

jurisdiction, the district court relinquished jurisdiction and ordered execution of Page's sentence. Page filed an Idaho Criminal Rule 35 motion which was denied. Page appeals the district court's decision to relinquish jurisdiction.

The decision as to whether to place a defendant on probation or, instead, to relinquish jurisdiction is committed to the discretion of the sentencing court. *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). It follows that a decision to relinquish jurisdiction will not be disturbed on appeal except for an abuse of discretion. *State v. Chapman*, 120 Idaho 466, 472, 816 P.2d 1023, 1029 (Ct. App. 1991). Idaho Code § 19-2521 sets out the criteria a court must consider when deciding whether to grant probation or impose imprisonment. A decision to deny probation will not be held to represent an abuse of discretion if the decision is consistent with the Section 19-2521 standards. *State v. Merwin*, 131 Idaho 642, 962 P.2d 1026 (1998). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. Therefore, we hold that the district court did not abuse its discretion.

The order relinquishing jurisdiction is affirmed.