IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38677

| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 357 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 7, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| RENEE DAWN KOYLE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Michael R. Crabtree, District Judge.

Order relinquishing jurisdiction and requiring execution of unified eight-year sentence with two-year determinate term for possession of a forged check, affirmed.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

_____

PER CURIAM

Renee Dawn Koyle pled guilty to possession of a forged check. Idaho Code § 18-3605. The district court imposed a unified eight-year sentence with a two-year determinate term, but suspended the sentence and placed Koyle on probation. As a condition of her probation, Koyle was to become employed and to pay restitution. Approximately six months later, a motion to revoke probation was filed by the State asserting that Koyle had failed to remain employed and failed to make any payments towards her restitution. The district court again placed Koyle on probation which, subsequently, Koyle admitted to violating, and the district court consequently revoked her probation, but retained jurisdiction. At the end of the retained jurisdiction period the

1

court relinquished jurisdiction, citing Koyle's failure to follow the rules of the rider program. Koyle appeals, contending that the district court abused its discretion by relinquishing jurisdiction.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Koyle has failed to show that the district court abused its discretion, and we therefore affirm the order relinquishing jurisdiction. The order of the district court relinquishing jurisdiction and directing execution of Koyle's previously suspended sentence is affirmed.