# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 40182

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 552 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 26, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DONNALISA MARIE MARTINEZ, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Caribou County. Hon. Mitchell W. Brown, District Judge.

Order relinquishing jurisdiction and requiring execution of unified six-year sentence with three-year determinate term for possession of methamphetamine, affirmed.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

PER CURIAM

Donnalisa Marie Martinez pled guilty to possession of methamphetamine. Idaho Code § 37-2732(c)(1). The district court imposed a unified six-year sentence with a three-year determinate term, suspended the sentence, and placed Martinez on supervised probation for a period of four years on the condition that she complete the Mental Health Court program. Subsequently, Martinez admitted to violating the terms of the probation, by being terminated from Mental Health Court. The district court reinstated her supervised probation again on the condition she complete the Mental Health Court program. Within four months, Martinez again admitted to violating several terms of her probation and the district court revoked her probation,

1

ordered execution of the underlying sentence, and retained jurisdiction. Martinez filed an Idaho Criminal Rule 35 motion requesting that she be allowed to participate in the Southwest Counseling Women's Addiction Program in the State of Wyoming. The district court granted Martinez's Rule 35 motion, suspending the sentence and placing Martinez on supervised probation for five years on the condition that she complete the addiction program in Wyoming.

Less than two months later, Martinez admitted to violating the conditions of her probation, by being discharged from the addiction program, and the district court once again revoked her probation and ordered the underlying sentence executed, but retained jurisdiction. Within two weeks, the district court received from the Idaho Department of Correction a recommendation that the court relinquish jurisdiction due to Martinez's refusal to participate in the Therapeutic Community Rider Program. Following a review hearing, the district court relinquished jurisdiction.

Martinez appeals, claiming that the district court abused its discretion by relinquishing jurisdiction in light of her claim that the recommendation by the Idaho Department of Correction was based on a misunderstanding of statements she made.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).

The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Martinez has failed to show that the district court abused its discretion, and the order relinquishing jurisdiction is affirmed.