**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40240**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2013 Unpublished Opinion No. 560** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: July 2, 2013** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **MEGAN ELIZABETH HART,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Order relinquishing jurisdiction, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

Megan Elizabeth Hart was convicted of two counts of issuing an insufficient funds check $250.00 or over, Idaho Code § 18-3106. The district court withheld judgment and placed Hart on probation. A report of probation violation was filed and Hart admitted to violating several terms of her probation. The district court revoked probation, imposed a three-year determinate sentence on the first count and a consecutive three-year indeterminate sentence on the second count, and retained jurisdiction. At the conclusion of the retained jurisdiction program, the district court relinquished jurisdiction and ordered execution of Hart's sentence, reducing the determinate three-year sentence on the first count to three years with a two-year determinate term. Hart appeals the district court's decision to relinquish jurisdiction.

1

The decision as to whether to place a defendant on probation or, instead, to relinquish jurisdiction is committed to the discretion of the sentencing court. *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). It follows that a decision to relinquish jurisdiction will not be disturbed on appeal except for an abuse of discretion. *State v. Chapman*, 120 Idaho 466, 472, 816 P.2d 1023, 1029 (Ct. App. 1991). Idaho Code § 19-2521 sets out the criteria a court must consider when deciding whether to grant probation or impose imprisonment. A decision to deny probation will not be held to represent an abuse of discretion if the decision is consistent with the Section 19-2521 standards. *State v. Merwin*, 131 Idaho 642, 962 P.2d 1026 (1998). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. Therefore, we hold that the district court did not abuse its discretion.

The order relinquishing jurisdiction is affirmed.