**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 42011/42012/42013**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 332** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: February 6, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JENNIFER MARIE LAVELLE,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Latah County. Hon. John R. Stegner, District Judge.

Order relinquishing jurisdiction, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Kimberly E. Smith, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

_____

PER CURIAM

In this consolidated appeal, Jennifer Marie Lavelle contends the district court abused its discretion in relinquishing jurisdiction in three cases. In Docket No. 42011, Lavelle pled guilty to two counts of burglary, Idaho Code §§ 18-1401, 18-1403, and one count of grand theft, I.C. §§ 18-2403(1), 18-2407(1), 18-2408. The district court imposed concurrent unified sentences of four years, with one and one-half years determinate on each count, and retained jurisdiction. Upon completion of the retained jurisdiction program, Lavelle was placed on probation.

In Docket No. 42012, Lavelle pled guilty to one count of burglary, I.C. §§ 18-1401, 18-1403, in violation of her probation in Docket No. 42011. The district court readmitted Lavelle to probation and granted her a treatment diversion to Latah County Drug Court.

1

Several months later, Lavelle pled guilty to burglary, I.C. §§ 18-1401, 18-1403, and petit theft, I.C. §§ 18-2403(1), 18-2407(2), 18-2408(3) (Docket No. 42013). The district court granted a treatment diversion to Mental Health Court. Lavelle admitted to violating her probations in the two previous cases and probation was continued in Docket No. 42011, with the condition that she participate in Mental Health Court rather than Drug Court. In Docket No. 42012, the district court imposed a concurrent unified sentence of four years, with one and one-half years determinate, suspended the sentence, and placed Lavelle on supervised probation for three years with the condition that she successfully complete the Mental Health Court program.

Lavelle subsequently admitted to violating the terms of her probation in the first and second cases. The district court revoked probation in those cases, imposed a concurrent unified sentence of four years, with one and one-half years determinate, for burglary and thirty days for petit theft in Docket No. 42013, and retained jurisdiction in all three cases. At the conclusion of retained jurisdiction program, the district court relinquished jurisdiction. Lavelle appeals, contending the district court abused its discretion in relinquishing jurisdiction.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Lavelle has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Lavelle argues that all of the relevant goals of sentencing could have been accomplished with probation. As noted above, however, the district court found that probation was not an appropriate course of action in Lavelle's case. The record does not indicate that the district court abused its discretion in sentencing.

The order of the district court relinquishing jurisdiction is affirmed.