# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42469

| | |
|---|---|
| STATE OF IDAHO, | ) 2015 Unpublished Opinion No. 449 |
| | ) |
| Plaintiff-Respondent, | ) Filed: March 31, 2015 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| CODY W. NIELSEN, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Gem County. Hon. George A. Southworth, District Judge.

Order relinquishing jurisdiction, affirmed.

Sara B. Thomas, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before LANSING, Judge; GUTIERREZ, Judge;
and GRATTON, Judge

---

PER CURIAM

Cody W. Nielsen was convicted of forgery, Idaho Code § 18-3601. The district court withheld judgment and placed Nielsen on supervised probation for three years with the condition that he successfully complete the Drug Court Program. Nielsen subsequently violated the terms of his probation and the district court revoked the probation and the withheld judgment, imposed a unified sentence of five years with a two-year determinate term, suspended the sentence, and placed Nielsen on supervised probation for four years. A second report of probation violation was filed and the district court revoked probation, ordered execution of the underlying sentence, and retained jurisdiction. Following the period of retained jurisdiction, the district court

1

relinquished jurisdiction. Nielsen filed an Idaho Criminal Rule 35 motion which was denied. Nielsen appeals the district court's decision to relinquish jurisdiction.

The decision as to whether to place a defendant on probation or, instead, to relinquish jurisdiction is committed to the discretion of the sentencing court. *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). It follows that a decision to relinquish jurisdiction will not be disturbed on appeal except for an abuse of discretion. *State v. Chapman*, 120 Idaho 466, 472, 816 P.2d 1023, 1029 (Ct. App. 1991). Idaho Code § 19-2521 sets out the criteria a court must consider when deciding whether to grant probation or impose imprisonment. A decision to deny probation will not be held to represent an abuse of discretion if the decision is consistent with the Section 19-2521 standards. *State v. Merwin*, 131 Idaho 642, 962 P.2d 1026 (1998). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. Therefore, we hold that the district court did not abuse its discretion.

The order relinquishing jurisdiction is affirmed.