# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 42736 & 42738

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 584 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 6, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MAXWELL ALEXANDER DOSH, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Timothy Hansen, District Judge.

Orders relinquishing jurisdiction, affirmed.

Sara B. Thomas, State Appellate Public Defender; Kimberly E. Smith, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Paul R. Panther, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

In Docket No. 42736, Maxwell Alexander Dosh pled guilty to grand theft by possession of stolen property. I.C. §§ 18-2403(4), 18-2407(1), and 18-204. In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Dosh to a unified term of ten years, with a minimumn period of confinement of two years; suspended the sentence, and placed Dosh on probation.

In Docket No. 42738, Dosh pled guilty to aggravated battery on a law enforcement officer. I.C. §§ 18-907(b), 18-915(l)(b), and 18-903(a). In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Dosh to a unified term of ten

1

years, with a minimum period of confinement of three years, to run concurrent with his sentence in Docket No. 42736. Dosh also admitted to violating the terms of his probation in Docket No. 42736. The district court revoked probation and ordered execution of Dosh's sentence. The district court then retained jurisdiction in both cases and Dosh was sent to participate in the rider program.

After Dosh completed his rider, the district court relinquished jurisdiction. In relinquishing jurisdiction, the district court reduced Dosh's sentence in Docket No. 42738 to a unified term of ten years, with a minimum period of confinement of two years, and gave Dosh credit for time served in both cases. Dosh appeals, claiming that the district court erred by refusing to grant probation.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Dosh has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Dosh argues that all of the relevant goals of sentencing could have been accomplished with probation. As noted above, however, the district court found that probation was not an appropriate course of action in Dosh's case. The record does not indicate that the district court abused its discretion.

The orders of the district court relinquishing jurisdiction and Dosh's sentences are affirmed.