**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43420**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 323** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: January 14, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **DEREK MAXWELL,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Michael R. Crabtree, District Judge.

Order relinquishing jurisdiction, affirmed.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

Derek Maxwell pled guilty to burglary, Idaho Code § 18-1401. The district court imposed a unified sentence of six years, with a minimum period of confinement of two years, suspended the sentence and placed Maxwell on probation. Maxwell subsequently admitted to violating the terms of his probation. The district court revoked Maxwell's probation, ordered execution of the underlying sentence, and retained jurisdiction.

After Maxwell completed his rider, the district court relinquished jurisdiction and reduced the determinate portion of Maxwell's sentence to one year. Maxwell appeals, claiming that the district court erred by refusing to grant probation.

1

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Maxwell has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Maxwell argues that all of the relevant goals of sentencing could have been accomplished with probation. As noted above, however, the district court found that probation was not an appropriate course of action in Maxwell's case. The record does not indicate that the district court abused its discretion in sentencing.

The order of the district court relinquishing jurisdiction is affirmed.