# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43262

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 331** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: January 20, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **DANIEL ALLEN BROWN,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. George A. Southworth, District Judge.

Order relinquishing jurisdiction, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Daniel Allen Brown pled guilty to burglary. Idaho Code § 18-1401. The district court sentenced Brown to a unified term of five years with one and one-half years determinate, suspended the sentence, and placed Brown on probation for three years. Within a few months of sentencing, Brown incurred additional criminal charges and Brown was required to serve discretionary jail time on two occasions. Subsequently, Brown admitted to violating the terms of the probation, and the district court revoked probation and then reinstated Brown on probation for a period of three years. Several months later Brown again was required to serve discretionary jail time. Subsequently, Brown admitted to violating some of the terms of his probation and the district court again revoked his probation and reinstated his probation for eighteen months. A

1

few days later Brown was again ordered to serve discretionary jail time and Brown was charged with a third probation violation. Following an evidentiary hearing, the district court found Brown in violation of his probation, revoked probation, ordered execution of Brown's underlying sentence, and retained jurisdiction. Following a period of retained jurisdiction, the district court relinquished jurisdiction and ordered Brown's sentence executed without reduction. Brown asserts that the district court abused its discretion by relinquishing jurisdiction.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Brown has failed to show that the district court abused its discretion in relinquishing jurisdiction.

The order of the district court relinquishing jurisdiction and ordering Brown's underlying sentence executed is affirmed.