**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43544**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 522** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: May 5, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JASON CURTIS McGOVERN,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order relinquishing jurisdiction, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

Jason Curtis McGovern pled guilty to possession of sexually exploitative material. I.C. §§ 18-1507 and 18-1507A. The district court sentenced McGovern to a unified term of six years, with a minimum period of confinement of two years. However, the district court retained jurisdiction and sent McGovern to participate in the rider program. Following successful completion of his rider, the district court suspended McGovern's sentence and placed him on probation. Thereafter, McGovern violated the terms of his probation. The district court revoked probation, ordered execution of the original sentence, but again retained jurisdiction and McGovern to participate in the rider program.

1

After McGovern completed his rider, the district court relinquished jurisdiction. McGovern appeals, claiming that the district court erred by refusing to grant probation. McGovern argues that he had made progress while on probation and during his rider and that all of the relevant goals of sentencing could have been accomplished with probation.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate.

As noted above, however, the district court found that probation was not an appropriate course of action in McGovern's case. We hold that McGovern has failed to show that the district court abused its discretion in relinquishing jurisdiction.

The order of the district court relinquishing jurisdiction is affirmed.