IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 44707/44708

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 524 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 19, 2017 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| JOLENE JOY LEPO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. John T. Mitchell, District Judge.

Order relinquishing jurisdiction, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge
_____

PER CURIAM

Jolene Joy Lepo pled guilty to felony driving under the influence (Docket No. 44707). Idaho Code § 18-8004.  The district court sentenced Lepo to a unified term of ten years with five years determinate, suspended the sentence, and placed Lepo on supervised probation.  While on probation, Lepo was arrested and she pled guilty to felony driving under the influence (Docket No. 44708).  In Docket No. 44707 the district court revoked Lepo's probation, executed her underlying sentence, and retained jurisdiction.  In Docket No. 44708 the district court imposed a consecutive unified sentence of ten years with six years determinate, and retained jurisdiction. Following the period of retained jurisdiction, the district court suspended Lepo's sentences and

1

placed her on supervised probation with the condition that she successfully complete mental health court.

Subsequently, Lepo was terminated from mental health court which violated her probation; the district court revoked her probation, executed her underlying sentences, and retained jurisdiction. Following the jurisdictional review hearing, the district court suspended Lepo's sentence and placed her on supervised probation. Thereafter, Lepo violated her probation a third time and the district court continued her supervised probation. Shortly afterwards, Lepo again violated her probation by absconding supervision. The district court revoked probation and executed her underlying sentences.

Lepo filed an Idaho Criminal Rule 35 motion for reduction of sentence (thirty-six days following the order revoking probation) in both cases. The district court granted Lepo's motion, in part, by retaining jurisdiction a third time. Following the third period of retained jurisdiction, the district court relinquished jurisdiction.

The State asserts that because Lepo's Rule 35 motion was not timely filed, the district court lacked jurisdiction to again place Lepo in the rider program. Lepo argues that the district court abused its discretion by relinquishing jurisdiction.

We agree that the Rule 35 motion was untimely. We also agree that the district court lost jurisdiction by the time it relinquished jurisdiction. We also note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). We hold that Lepo has failed to show that the district court abused its discretion in relinquishing jurisdiction.

The order of the district court relinquishing jurisdiction is affirmed.