**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 44588/44589**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 530** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: July 27, 2017** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **SONNY DEAN FARROW,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order relinquishing jurisdiction, _affirmed_.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

In Docket No. 44588, Sonny Dean Farrow pled guilty to felony domestic battery. Idaho Code §§ 18-903, 18-918(3)(b). The district court sentenced Farrow to a unified term of nine years with five years determinate and retained jurisdiction. Following the period of retained jurisdiction, the district court placed Farrow on probation. Thereafter, in Docket No. 44589, Farrow pled guilty to a second charge of felony domestic battery. He admitted to violating probation in Docket No. 44588. The district court revoked Farrow's probation in Docket No. 44588 and imposed a unified statement of three years with one year determinate in Docket No. 44589, ordering the sentences to run consecutive. The district court again retained jurisdiction, which it later relinquished. Farrow appeals, asserting that the district court erred by

1

relinquishing jurisdiction in these two cases and requesting this Court remand these cases to the district court for entry of orders placing him on probation.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Farrow has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Farrow argues that all of the relevant goals of sentencing could have been accomplished with probation. As noted above, however, the district court found that probation was not an appropriate course of action in Farrow's case. The record does not indicate that the district court abused its discretion in sentencing.

The order of the district court relinquishing jurisdiction is affirmed.