**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45520**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: September 11, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| CORY MARK BOOKER, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Order relinquishing jurisdiction, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and LORELLO, Judge

_____

PER CURIAM

Cory Mark Booker pled guilty to felony injury to a child, Idaho Code § 18-1501(1). The district court withheld judgment and placed Booker on supervised probation. Booker subsequently admitted to violating the terms of his probation, and the district court revoked probation and the withheld judgment and imposed a unified sentence of eight years, with a minimum period of confinement of four years. The district court retained jurisdiction, and Booker was sent to participate in the rider program.

After Booker completed his rider, the district court suspended his sentence and again placed him on supervised probation. Following several reports of probation violations, the

1

district court revoked probation, executed the underlying sentence, and retained jurisdiction a second time. Upon Booker's completion of the second rider, the district court relinquished jurisdiction. Booker appeals, claiming that the district court erred by refusing to grant probation.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Booker has failed to show that the district court abused its discretion in relinquishing jurisdiction.

The order of the district court relinquishing jurisdiction is affirmed.