IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 46411

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: August 9, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| GARO SHAHE ASIAN, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Thomas F. Neville, District Judge.

Order relinquishing jurisdiction and executing sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Garo Shahe Asian appeals from the district court's order to relinquish jurisdiction and execute the reduced sentence. Asian asserts the district court abused its discretion when it relinquished jurisdiction because the court did not appropriately defer to the Idaho Department of Correction's (Department) programming discretion as set forth in Idaho Code § 19-2601(4). The State contends the district court did not make its decision to relinquish jurisdiction based on the Department's choice of programming. We affirm the district court's judgment and order relinquishing jurisdiction.

The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct.

1

App. 1990). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

A jury found Asian guilty of possession of a controlled substance and possession of drug paraphernalia. The district court later found Asian guilty of being a persistent violator. At the sentencing hearing, the district court imposed a unified sentence of ten years, with three and one-half years determinate, for possession of a controlled substance and 180 days for the possession of drug paraphernalia, with the sentences to run concurrently.

The district court retained jurisdiction for 365 days and made clear three things. First, that the district court was retaining jurisdiction for evaluative purposes only and that this was not a situation where successfully completing the rider would result in probation. Second, that even if Asian successfully completed the rider, he would only get a review hearing, but there was no guarantee of being placed on probation. Third, the district court did not recommend a specific program because it recognized the programming may have changed and it did not want to limit Asian's ability to participate in a program of which the district court was not aware. Thus, although the district court was recommending programming, it was deferring to the Department to identify and place Asian in the most relevant treatment program.

Asian completed the rider program and the Department recommended Asian for probation. At Asian's rider review hearing, the district court recognized it had discretion to either place Asian on probation or relinquish jurisdiction. The district court repeatedly expressed apprehension about Asian's ability to successfully complete probation based on the programming he received. The district court was concerned that the programming Asian received was insufficient to provide Asian with the necessary skills to be successful on probation. The district court appropriately considered relevant factors, including Asian's criminal history, substance abuse, associations with individuals with previous felonies, failure to complete jail courses that the court recommended, and the perceived limits of the rider programming, The district court concluded that despite completing the rider, Asian still had below-average rehabilitation potential and represented a risk to society. The district court

2

relinquished jurisdiction but sua sponte reduced Asian's sentence pursuant to Idaho Criminal Rule 35.

The district court did not relinquish jurisdiction based solely on the program in which the Department placed Asian. Instead, the district court considered the relevant factors, articulated its reasons for relinquishing jurisdiction, and reached its decision through an exercise of reason. Accordingly, the district court did not err in relinquishing jurisdiction in this case. We affirm the order relinquishing jurisdiction and executing a reduced sentence.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.