**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50428**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: November 1, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JAMES FRANKLIN SNYDER, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order relinquishing jurisdiction, affirmed.

Erik R. Lehtinen, Interim State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

PER CURIAM

James Franklin Snyder pled guilty to possession of a controlled substance. I.C. § 37-2732(c)(1). In exchange for his guilty plea, additional charges were dismissed including an allegation that he is a persistent violator. The district court sentenced Snyder to a unified term of seven years, with a minimum period of confinement of three years.[1] The district court suspended the sentence and placed Snyder on probation. Thereafter, Snyder admitted to violating the terms

---

[1] Snyder also pled guilty to a misdemeanor count of leaving the scene after striking fixtures. He was sentenced to credit for time serve and such sentence is not relevant to this appeal.

of his probation. The district court revoked Snyder's probation but retained jurisdiction, and Snyder was sent to participate in the rider program.

After Snyder completed his rider, the district court again suspended the sentence and placed Snyder on probation. Snyder admitted to violating the terms of his probation. The district court revoked Snyder's probation and ordered execution of his original sentence. Snyder filed an I.C.R. 35 motion, which the district court granted by again retaining jurisdiction. Before completion of the rider and based on information in an addendum to his presentence investigation report, the district court held a hearing and ultimately relinquished jurisdiction. Snyder appeals, claiming that the district court erred by not granting probation and by refusing to allow Snyder to complete the rider program.

The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Snyder has failed to show that the district court abused its discretion in relinquishing jurisdiction.

The order of the district court relinquishing jurisdiction is affirmed.