**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50983**

| | |
|---|---|
| STATE OF IDAHO,<br><br>　　　Plaintiff-Respondent,<br><br>v.<br><br>BRANDON LOUIS RICE,<br><br>　　　Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Filed: August 12, 2025**

**Melanie Gagnepain, Clerk**

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order relinquishing jurisdiction, vacated, and case remanded.

Erik R. Lehtinen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Elizabeth H. Estess, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Brandon Louis Rice appeals from the district court's order relinquishing jurisdiction. Rice argues the district court abused its discretion by relinquishing jurisdiction because Rice did not complete a full disclosure polygraph. For the reasons set forth below, we hold the district court abused its discretion, vacate the district court's order, and remand this case for further proceedings.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Rice was charged with lewd conduct with a child under the age of sixteen years, Idaho Code § 18-1508, and sexual abuse of a child under the age of sixteen years, I.C. § 18-1506(1)(d). Pursuant to a plea agreement, Rice entered an *Alford*[1] plea to two counts of injury to a

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

1

child, I.C. § 18-1501(1), and one count of misdemeanor sexual battery, I.C. § 18-924. As part of the plea agreement, Rice agreed to "obtain PSE/full disclosure polygraph (asking about other sexual contact w/minors)." At the plea hearing, the district court indicated that Rice agreed to "obtain a psychosexual evaluation and a full disclosure polygraph and make that available to the Court" for sentencing. Prior to sentencing, Rice completed his presentence investigation (PSI) and psychosexual evaluation (PSE) but did not complete a full disclosure polygraph. The PSE recommended that if Rice were placed on probation, he should be required to participate in a full disclosure polygraph, which Rice stated he was willing to do.

At sentencing, Rice had not yet obtained the full disclosure polygraph, but neither the State nor the district judge mentioned the lack of a polygraph, whether that constituted a breach of the plea agreement, or how it would impact the district court's consideration of the sentencing options. Ultimately, the district court imposed concurrent sentences of ten years with five years determinate on each count of injury to a child, 180 days jail for the misdemeanor sexual battery charge, and retained jurisdiction for 365 days. Subsequently, Rice filed a motion for modification of sentence pursuant to Idaho Criminal Rule 35, requesting that the district court give him credit for time served, suspend his sentence, and place him on a period of probation to allow him to complete community-based treatment.

After Rice completed his period of retained jurisdiction, the district court[2] held a jurisdictional review hearing. At the hearing, the State asked for imposition of sentence and Rice requested that he be placed on probation. The district court relinquished jurisdiction because Rice failed to complete a full disclosure polygraph. The district court concluded that in the absence of the full disclosure polygraph, and in light of Rice's refusal to take responsibility for the crimes, Rice was a high risk to be placed on probation. The district court also denied Rice's I.C.R. 35 motion, stating that, as relevant to this appeal, Rice had failed to complete a full disclosure polygraph, which was something he was contractually bound to do under the plea agreement, he was not entitled to probation. Rice appeals.

---

[2] A different district judge presided over Rice's jurisdictional review hearing than presided over the sentencing hearing.

2

## II.
### STANDARD OF REVIEW

The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.
### ANALYSIS

Rice argues the district court abused its discretion by relinquishing jurisdiction. On appeal, Rice contends that relinquishing jurisdiction based on a lack of a full disclosure polygraph implicates his Fifth Amendment right against self-incrimination. He also argues that relinquishing jurisdiction based on his failure to complete a full disclosure polygraph constitutes an abuse of discretion by the district court. In addition, Rice argues the district court's two alternative justifications for relinquishing jurisdiction were both meritless. The State responds that the district court did not abuse its discretion in relinquishing jurisdiction because it acted within the scope of its discretion when it considered Rice's failure to obtain a full disclosure polygraph. Alternatively, the State contends that Rice was contractually obligated to undergo a polygraph examination. Finally, the State argues the district court did not abuse its discretion in denying the I.C.R. 35 motion because Rice failed to show that his sentence was excessive, did not include any new or relevant information, and failed to participate in a full disclosure polygraph.

Rice argues that the main problem with the district court's analysis regarding the lack of a polygraph was that it likely violated the defendant's rights under the Fifth Amendment and cites several cases in support. We disagree.

None of those cases cited by Rice are relevant to this case on the Fifth Amendment issue because Rice, pursuant to the plea agreement, agreed to waive his Fifth Amendment right and participate in the PSE and a full disclosure polygraph. Consequently, any argument by Rice that

3

he can now assert a Fifth Amendment claim vis-à-vis the full disclosure polygraph is irrelevant to a determination of whether the district court erred in relinquishing jurisdiction. Rice took full advantage of the plea agreement to have the charges reduced from lewd conduct with a child and sexual abuse of a child to two counts of injury to a child and misdemeanor sexual battery. He limited his potential sentence in each case from a maximum sentence of life to a maximum sentence of ten years, respectively. By taking advantage of the agreement, Rice also did not have to register as a sex offender. To the extent Rice implies he could now assert a Fifth Amendment right, refuse to undergo a full disclosure polygraph, and nonetheless receive full advantage of the benefits he negotiated, we disagree.

Nevertheless, we hold the district court abused its discretion in relinquishing jurisdiction based on Rice's failure to participate in a full disclosure polygraph during the period of retained jurisdiction. Although the full disclosure polygraph was ordered prior to sentencing, by the time of sentencing, the polygraph had not been completed. Nonetheless, the parties agreed to go forward with sentencing and neither the State nor the district court asserted the lack of the polygraph implicated either the sentencing recommendations or the sentence imposed, respectively.

Thereafter, at the jurisdictional review hearing, the district court stated:

I am going to relinquish jurisdiction and impose the sentence that [the different district judge] imposed, and I'll explain that in detail, you know, for your benefit, Mr. Rice, also for those that are here supporting you, for Mr. Nixon, Ms. Weber, and the primary reason for that is--and I realize that this is one of the best APSI's I've ever seen. There's--I have no issue with your APSI other than there's no full disclosure polygraph that happened while you were in Cottonwood, nor would I have expected there to be.

The primary purpose of the retained jurisdiction program is to enable the trial court to gain additional information regarding the defendant's rehabilitative potential and suitability for probation. Here, the addendum to the presentence investigation (APSI) provided information about Rice's rehabilitative potential and that Rice was a suitable candidate for probation. The district court disregarded the APSI and relinquished jurisdiction because of the lack of the polygraph, when the sentencing court disregarded the fact that no polygraph, as ordered, had been completed before sentencing. In doing so, the district court erred.

We recognize the district court relinquished jurisdiction on alternate grounds. However, the primary reason for relinquishing jurisdiction was that Rice did not obtain a full disclosure

4

polygraph during the period of retained jurisdiction. Consequently, the district court erred in relinquishing jurisdiction on this primary ground. Based on the holding of this opinion, we need not address whether the district court erred in denying Rice's I.C.R. 35 motion.

## IV.

## CONCLUSION

The district court abused its discretion by relinquishing jurisdiction in this case. We vacate the district court's order relinquishing jurisdiction and remand the case for further proceedings consistent with this opinion.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.

5