**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 45366/45367**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2018 Unpublished Opinion No. 406** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: March 30, 2018** |
| | ) | |
| v. | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **CARTER EVANS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Order relinquishing jurisdiction, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge
_____

PER CURIAM

In both of these two consolidated cases, Carter Evans pled guilty to one count of possession of heroin. Idaho Code § 37-2732(c)(1). The district court sentenced Evans to concurrent unified sentences of seven years with three years determinate and retained jurisdiction. Following the period of retained jurisdiction, the district court relinquished jurisdiction. Evans filed an Idaho Criminal Rule 35 motion in both of these cases, and the district court granted the motions, reducing Evans' sentences to concurrent unified sentences of seven years with two years determinate. Evans appeals, claiming that the district court abused its discretion by relinquishing jurisdiction.

1

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Evans has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Evans argues that all of the relevant goals of sentencing could have been accomplished with probation. As noted above, however, the district court found that probation was not an appropriate course of action in Evans' case. The record does not indicate that the district court abused its discretion in sentencing.

The order of the district court relinquishing jurisdiction is affirmed.