# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45961

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 24, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JASON NICHOLAS LONG, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of two years, for felony domestic violence, affirmed; order relinquishing jurisdiction, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before HUSKEY, Judge; LORELLO, Judge;
and BRAILSFORD, Judge

_____

PER CURIAM

Jason Nicholas Long was found guilty of felony domestic violence. I.C. §§ 18-912(2) and 18-903(a). The district court sentenced Long to a unified term of ten years, with a minimum period of confinement of two years. However, the district court retained jurisdiction and sent Long to participate in the rider program. Thereafter, the district court relinquished jurisdiction. Long appeals, claiming his sentence is excessive and that the district court erred by relinquishing jurisdiction.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Long has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Therefore, Long's judgment of conviction and sentence and the district court's order relinquishing jurisdiction are affirmed.