786 P.2d 594

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Samuel M. LEE, Defendant–Appellant.**

**No. 17913.**

Court of Appeals of Idaho.

Feb. 1, 1990.

Alan E. Trimming, Ada County Public Defender, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

In 1987, Samuel Lee pled guilty to theft by possession of stolen property. He received a unified sentence of five years with a minimum two-year period of incarceration. The sentence was suspended and Lee was released on probation. Later, in 1988, Lee's probation was revoked and his sentence was ordered into execution. However, the district court retained jurisdiction for 120 days pursuant to I.C. § 19–2601(4). At the expiration of that period, the court entered an order on November 21, 1988, relinquishing its jurisdiction. Lee appeals, contending that the relinquishment of jurisdiction was an abuse of the court's discretion. We disagree and affirm the order.

I

Preliminarily, we are faced with a threshold issue raised by the state concerning appellate jurisdiction in this case. The state points out that Lee's notice of appeal was received by the clerk of the district court on January 5, 1989, forty-five days after entry by the district court of the November 21 order from which the appeal was taken. Rule 14 of the Idaho Appellate Rules provides that an appeal from the district court "may be made only by physically filing a notice of appeal with the clerk of the district court within 42 days from the date evidenced by the filing stamp of the clerk of the court on any judgment, order or decree of the district court appealable as a matter of right in any civil or criminal action." Consequently, the state argues that Lee's appeal was untimely and should be dismissed summarily.

To resolve this question, we have reviewed the file of this appellate proceeding. Before the case was assigned to this Court for disposition (see I.A.R. 108), the Idaho Supreme Court considered the timeliness of Lee's appeal. The Court entered an order conditionally dismissing the appeal for untimeliness but permitting Lee to show cause within 21 days why the appeal should not be dismissed. In response, Lee filed a verified statement essentially representing that he was incarcerated in the custody of the board of correction; that he prepared his notice of appeal pro se and delivered it to a correction officer on December 30, 1988, for mailing by the institution; that the mail service may have been affected by the New Year's holiday; and that he had no control over the processing of his notice of appeal after it was delivered to the prison authorities. Lee cited to the Court the recent case of *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), holding that notices of appeal by prisoners who represent themselves are to be considered filed, for purposes of Federal Rule of Appellate Procedure 4(a)(1), at the moment such notices are delivered to prison authorities for forwarding to the court clerk. After receiving Lee's response, the Supreme Court entered an order withdrawing the conditional dismissal and directing that Lee's appeal be reinstated.

It appears that the state was not invited to present its position with regard to the conditional dismissal, or reinstatement, of

Lee's appeal when those questions were pending before the Supreme Court. On the other hand, neither did the state ask leave to present its views at that juncture. Instead, the state addressed the issue in its responding brief on the merits of the appeal.

In its brief, the state notes that Lee was not required to proceed pro se when he filed his notice of appeal in this case. He was represented by the Ada County Public Defender's Office, which representation was not withdrawn following entry of the order relinquishing jurisdiction and which representation apparently remains extant to date. The state suggests that pro se litigants who are inmates should not enjoy a procedural standard different from that imposed upon attorneys, which precludes the mere act of mailing a notice of appeal from serving as the filing of such a notice. The state also argues that the opinion in *Houston* applies only to appeals in the federal court system, does not rest on any constitutional ground and is inapposite to appeals in state court proceedings. Furthermore, the state asserts, the *Houston* determination has been rejected by at least two state supreme courts in interpreting their own appellate rules. *See Carr v. State,* 554 A.2d 778 (Del.), *cert. denied,* —— U.S. ——, 110 S.Ct. 98, 107 L.Ed.2d 61 (1989) *and Key v. State,* 297 Ark. 111, 759 S.W.2d 567 (1988). Finally, the state presents numerous other policy arguments why the *Houston* rule should not be followed in Idaho. The state contends that the *Houston* rule would engender litigation over when a notice of appeal was delivered to responsible prison authorities, would generate the expense of calling witnesses concerning the timeliness of mailing such notices which may arise from distances between the court where a defendant is sentenced and the correctional institution where he may be incarcerated, and would not take into account the lack of established procedures in Idaho—unlike the federal system—for monitoring inmate mail at correction facilities and jails.

While we recognize the sincerity of the state's arguments, we also recognize that there are arguments in favor of the *Hous-*ton rule. In any event, we believe the procedural stage for this appeal already has been determined by our Supreme Court. We are aware of a similar disposition in another case, which disposition was not officially reported because of its treatment informally and internally by the Court. In that case, *Wolfe v. State,* 114 Idaho 659, 759 P.2d 950 (Ct.App.1988) (review denied), we had issued an opinion upholding the dismissal of an application by an inmate for habeas corpus relief. The appellate record in *Wolfe* shows that a pro se petition for review was mailed to the Supreme Court by the inmate-appellant. The petition evidently arrived one day after the time had expired for filing such a petition and six days after the date on which the inmate claimed he had mailed it. Utilizing the same "conditional dismissal" approach followed here, the Supreme Court ultimately treated Wolfe's petition as timely filed (although the Court eventually denied review on the appeal).

The appellate record in the present case shows that the Supreme Court was mindful of *Wolfe* when it decided not to dismiss Lee's appeal. Until further guidance is given by our Supreme Court—by promulgation of a rule to the contrary or by altering our opinion in this case through the review process—we deem the timeliness of this appeal to have been implicitly resolved by that Court. Consequently, we hold that we have jurisdiction to entertain Lee's appeal.

II

■ We next turn to the appeal on its merits. As noted, the sole issue raised by the appellant is whether the district court abused its discretion by relinquishing the jurisdiction retained under I.C. § 19–2601(4).

■ The purpose of retaining jurisdiction after imposing a sentence is to afford the trial court additional time for evaluation of the defendant's rehabilitation potential and suitability for probation. *State v. Chapel,* 107 Idaho 193, 687 P.2d 583 (Ct.App.1984). The decision to place a defendant on proba-

tion or whether, instead, to release jurisdiction over the defendant is a matter within the sound discretion of the trial court. *See e.g., State v. Williams*, 112 Idaho 459, 732 P.2d 697 (Ct.App.) *review denied*, 112 Idaho 796, 736 P.2d 848 (1987); *State v. Turner*, 105 Idaho 748, 672 P.2d 1078 (Ct.App. 1983). Absent an abuse of that discretion, the trial court's decision will be sustained. *Id.*

In the present case, probation initially had proven unsuccessful after Lee was released by the court upon suspension of the five-year sentence. When Lee's probation was revoked and the sentence was ordered into execution, the trial court retained jurisdiction to receive further evaluation of Lee's potential for rehabilitation. Near the expiration of the period of the retained jurisdiction, the court obtained an evaluative report from the Jurisdictional Review Committee of the Department of Corrections. The Committee recommended that the court relinquish jurisdiction.

The district court's analysis of the defendant's situation, together with the court's consideration of the report from the Review Committee, is set forth as follows in the order relinquishing jurisdiction:

The defendant was convicted of Grand Theft in 1987 and placed on probation.

The defendant violated his probation and failed to appear in court following release on bail. His probation was revoked because of failure to maintain contact with his probation officer and because of drug possession. His suspended sentence was imposed but the Court retained jurisdiction for 120 days.

I have received a letter from the Jurisdictional Review Committee recommending that the Court drop jurisdiction, based on reports of attempts to intimidate other prisoners, based on his poor choice of associates, and based on his plan to continue living with a known drug addict.

Although this is his only felony conviction and although a number of people have written to me on his behalf, I am convinced that Mr. Lee is not a good candidate for probation.

It hereby is ordered that the Court relinquishes jurisdiction in this case.

We likewise have reviewed Lee's presentence report, the probation violation proceeding, the report from the Jurisdictional Review Committee and letters written to the district judge by Lee, by his friends and by members of his family. We also have considered the arguments made on Lee's behalf by counsel on this appeal. Upon this record, we are not prepared to say that the district judge abused his discretion in concluding that probation was not feasible in Lee's case and that jurisdiction should be relinquished.

Accordingly, the order relinquishing jurisdiction is affirmed.