**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37327**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 709 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 16, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BRYAN LEE ATWELL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Order relinquishing jurisdiction and ordering execution of modified, unified sentence of ten years, with a minimum period of confinement of seven years, for conspiracy to commit injury to a child, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before LANSING, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

---

PER CURIAM

In this case we are asked to determine whether the district court abused its discretion in refusing to grant probation following a period of retained jurisdiction. We are also asked to review a modified sentence of ten years, with a minimum period of confinement of seven years, for conspiracy to commit injury to a child. We affirm.

Bryan Lee Atwell pled guilty to conspiracy to commit injury to a child. I.C. §§ 18-1501(1), 18-1701. In exchange for his guilty plea, an additional charge and a sentence enhancement were dismissed. The district court sentenced Atwell to a determinate term of ten

1

years, but retained jurisdiction for 180 days, and Atwell was sent to participate in the rider program.

After Atwell completed his rider, the district court relinquished jurisdiction. However, the district court sua sponte reduced Atwell's fixed ten year sentence to a unified term of ten years, with a minimum period of confinement of seven years. Atwell appeals, claiming that the district court erred by refusing to grant probation and argues that his modified sentence is excessive and constitutes an abuse of discretion.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).

The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Atwell has failed to show that the district court abused its discretion, and we therefore affirm the order relinquishing jurisdiction.

Atwell also contends that the modified sentence of ten years, with a minimum period of confinement of seven years, is excessive and constitutes an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Atwell argues that all of the relevant goals of sentencing could have been accomplished with probation. As noted above, however, the district court found that probation was not an appropriate course of action in Atwell's case. The record does not indicate that the modified sentence was an abuse of discretion in this case. Accordingly, the sentence is affirmed.

The order of the district court relinquishing jurisdiction and Atwell's modified sentence are affirmed.