**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40362**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 538 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 18, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DARRELL WAYNE JACKSON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Thomas F. Neville, District Judge.

Order relinquishing jurisdiction, affirmed.

Dennis A. Benjamin of Nevin, Benjamin, McKay & Bartlett, LLP, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

In this case we are asked to determine whether the district court abused its discretion in refusing to grant probation following a period of retained jurisdiction. We are also asked to review a unified sentence of eight years, with a minimum period of confinement of one year, for burglary. We affirm.

Darrell Wayne Jackson pled guilty to one count of burglary. I.C. § 18-1401. Following his plea, Jackson was sentenced to eight years, with a minimum period of confinement of two years. The district court retained jurisdiction for 365 days, and Jackson was sent to participate in the rider program.

After Jackson completed rider, the Department of Corrections recommended probation. The district court relinquished jurisdiction. The district court did, however, sua sponte reduce

1

Jackson's sentence to a unified term of eight years, with a minimum period of confinement of one year. Jackson appeals, claiming that the district court erred by refusing to grant probation in light of the recommendation of probation. He also argues that the sentence of eight years, with a minimum period of confinement of one year, is excessive and constitutes an abuse of discretion.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).

The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Jackson has failed to show that the district court abused its discretion, and we therefore affirm the order relinquishing jurisdiction.

Jackson also contends that the unified sentence eight years, with a minimum period of confinement of one year,, is excessive and constitutes an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Jackson argues that all of the relevant goals of sentencing could have been accomplished with probation. As noted above, however, the district court found that probation was not an appropriate course of action in Jackson's case. The record does not indicate that the district court abused its discretion in this case. Accordingly, the sentence is affirmed.

The order of the district court relinquishing jurisdiction and Jackson's sentence are affirmed.