# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 40787

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 811 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 31, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| KENNETH W. CAMPBELL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order relinquishing jurisdiction and executing unified sentence of five years, with two years determinate, for failure to register as a sex offender, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Kenneth W. Campbell pled guilty to failure to register as a sex offender. Idaho Code §§ 18-8311, 18-8308. The district court sentenced Campbell to a unified term of five years, with two years determinate, and retained jurisdiction. After a period of retained jurisdiction, the district court relinquished jurisdiction and executed Campbell's sentence without reduction. Campbell appeals, contending the district court abused its discretion by relinquishing jurisdiction and executing his sentence. Campbell also contends his sentence is excessive.

The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct.

1

App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. Campbell has failed to show that the district court abused its discretion.

Campbell also contends his sentence is excessive and constitutes an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). The record does not indicate that a unified sentence of five years, with two years determinate, was an abuse of discretion in this case.

Accordingly, the order of the district court relinquishing jurisdiction and Campbell's sentence are affirmed.