**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43252**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 752** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: December 7, 2015** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **THOMAS E. BUCK,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Order relinquishing jurisdiction, affirmed; order denying I.C.R. 35 motion for reduction of sentences, affirmed.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

---

PER CURIAM

Thomas E. Buck pled guilty to aggravated assault, I.C. §§ 18-901(b) and 18-905(a), and possession of a controlled substance, I.C. §§ 37-2732(c)(1) and 37-2707(d). The district court sentenced Buck to concurrent unified terms of five years, with minimum periods of confinement of three years. The district court retained jurisdiction, and Buck was sent to participate in the rider program. Prior to completion of his rider, the district court relinquished jurisdiction. Buck filed an I.C.R 35 motion, which the district court denied. Buck appeals, claiming that the district

1

court erred in relinquishing jurisdiction and in denying his I.C.R 35 motion for reduction of his sentences.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Buck has failed to show that the district court abused its discretion in relinquishing jurisdiction.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Buck's Rule 35 motion, we conclude no abuse of discretion has been shown. Therefore, the district court's order denying Buck's Rule 35 motion is affirmed.

The orders of the district court relinquishing jurisdiction and denying Buck's Rule 35 motion for reduction of his sentences are affirmed.