**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 43783/43784**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 555** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: June 1, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **CHRISTOPHER DANIEL BULLARD,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

Orders relinquishing jurisdiction, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

In these consolidated appeals, Christopher Daniel Bullard pled guilty to principal to aggravated assault. Idaho Code §§ 18-901(1), 19-905(b), 18-204 (Docket No. 43783). The district court imposed a unified sentence of five years with three years determinate, and placed Bullard on probation for a period of five years. Subsequently, Bullard admitted to violating the terms of the probation, and the district court revoked probation and retained jurisdiction. Following the period of retained jurisdiction, the district court again placed Bullard on probation.

Several months later, Bullard pled guilty to possession of a controlled substance, methamphetamine, I.C. § 37-2732(c)(1) (Docket No. 43784), and admitted to having violated his probation in Docket No. 43783. The district court revoked Bullard's probation and executed his

1

sentence in Docket No. 43783, imposed a concurrent unified sentence of six years with three years determinate in Docket No. 43784, and retained jurisdiction in both cases. The district court later relinquished jurisdiction. Bullard appeals, asserting that the district court abused its discretion when it relinquished jurisdiction in both cases.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Bullard has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Applying the foregoing standards, and having reviewed the record in these cases, we cannot say that the district court abused its discretion by relinquishing jurisdiction and Bullard's sentences are affirmed.