# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50567

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

BRIANNA LEIGH FREEMAN,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: November 20, 2023

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Derrick O'Neill, District Judge.

Judgment of conviction and unified sentence of fifteen years, with a minimum period of incarceration of two years, for sexual abuse of a child under sixteen, affirmed.

Erik R. Lehtinen, Interim State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

    Brianna Leigh Freeman pled guilty to sexual abuse of a child under sixteen, Idaho Code § 18-1506. The district court imposed a unified sentence of fifteen years, with a minimum period of incarceration of two years. Freeman appeals, contending that her sentence is excessive. Specifically, Freeman asserts that the district court abused its discretion by failing to place her on probation so she could transfer her probation to the state of Washington.

    Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and

1

need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  That discretion includes the trial court's decision regarding whether a defendant should be placed on probation.  I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).  The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.  Therefore, Freeman's judgment of conviction and sentence are affirmed.