# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50994

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

HERBERT ROY VESTER,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: March 4, 2024

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Brent L. Whiting, District Judge.

Judgment of conviction and unified sentence of five years with a minimum period of confinement of two years for possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

    Herbert Roy Vester pled guilty to possession of a controlled substance, Idaho Code § 37-2732(c)(1). In exchange for his guilty plea, an additional charge was dismissed.[1] The district court imposed a unified term of five years with two years determinate and retained jurisdiction. Vester appeals, contending that the district court abused its discretion by retaining jurisdiction. He asserts the district court should have placed him on probation.

---

[1] In a consolidated change of plea hearing, Vester also pled guilty to possession of a controlled substance in a 2023 case. The 2023 case is not at issue in this appeal.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction.  I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).  The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.  Therefore, Vester's judgment of conviction and sentence are affirmed.