**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 50477/50478/50479**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 3, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| CHRISTOPHER ROBERT COMBS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Peter G. Barton, District Judge.

Order revoking probation and ordering execution of previously suspended sentence in Docket No. 50477; judgments of conviction and sentences in Docket Nos. 50478 and 50479; affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

This appeal involves three consolidated cases. In Docket No. 50477, Christopher Robert Combs entered a guilty plea to grand theft, Idaho Code §§ 18-2403(1), -2407(1)(b), -2409. The district court imposed a unified sentence of eight years, with a minimum period of incarceration of two years. Following a period of retained jurisdiction, the district court placed Combs on a term of probation. The State charged Combs with a probation violation and, while on release, the State charged Combs with new crimes in two separate cases. A global plea agreement was reached. Combs admitted to violating the terms of his probation in Docket No. 50477. In Docket No. 50478,

1

Combs entered a guilty plea to possession of a controlled substance, I.C. § 37-2732(c), and grand theft, I.C. §§ 18-2403(2), -2407(1)(b), -2407, 18-204. In Docket No. 50479, Combs entered a guilty plea to grand theft, I.C. §§ 18-2403, -2407(1)(b), -2409, 18-204. In exchange for his pleas, additional charges were dismissed.

At a consolidated sentencing and disposition hearing, the State recommended that, in Docket No. 50477, the district court revoke probation and execute the underlying sentence, and in Docket No. 50478 and Docket No. 50479, the district court impose an aggregate sentence of eleven years, with a minimum period of incarceration of two and one-half years. Combs recommended that the district court "consider reinstatement with a second rider or what we call a county rider" in Docket No. 50477. Combs recommended the district court impose unified sentences of five years, with a minimum period of incarceration of two years, in Docket No. 50478 and Docket No. 50479 with those sentences to run "concurrent with the same type of sentence as far as a rider or county rider." Combs' counsel explained that a "county rider [is] where we allow him to complete the ABC, SAP, the Court imposes some more time, and then we allow him to transition back into the community through the work release center."

The district court declined to retain jurisdiction or to grant a "county rider." In Docket No. 50477, the district court revoked probation and executed Combs' previously suspended sentence. In Docket No 50478, the district court imposed a unified sentence of seven years, with a minimum period of incarceration of two and one-half years, for possession of a controlled substance, and a unified sentence of ten years, with two and one-half years determinate, for burglary. The sentences were ordered to run concurrently with the sentences in Docket No. 50477 and Docket No. 50479. In Docket No. 50479, the district court imposed a unified sentence of eleven years, with a minimum period of incarceration of two and one-half years, for grand theft. The sentence was ordered to run concurrently with the sentences in Docket No. 50477 and Docket No. 50478.

Combs appeals and asserts the district court abused its discretion by failing to retain jurisdiction, or in the alternative, failing to order a "county rider" in all three cases.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984);

*State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction. I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).

The records in these cases show that the district court properly considered the information before it and determined that retaining jurisdiction or granting a "county rider" was not appropriate. Thus, after applying the foregoing standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion either in revoking probation or in imposing sentence. Therefore, the order revoking probation and directing execution of Combs' previously suspended sentence and the judgments of conviction and sentences are affirmed.