**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51493**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: October 15, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MICHAEL LEE HOLMES, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Dane H. Watkins, Jr., District Judge.

Judgment of conviction and unified sentence of seven years, with a minimum period of confinement of two years, for possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

---

PER CURIAM

Michael Lee Holmes pled guilty to possession of a controlled substance, Idaho Code § 37-2732(c)(1).[1] In exchange for his guilty plea, an additional charge was dismissed. The district court imposed a unified term of seven years with two years determinate to run concurrently with the sentence imposed in an unrelated case. Holmes appeals, contending that the district court abused its discretion by failing to place him on probation.

---

[1] Holmes also admitted to violating his probation in an unrelated case.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction. I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation/retaining jurisdiction was not appropriate.

Therefore, Holmes' judgment of conviction and sentence are affirmed.