**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 50861/50862/50863**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **Filed: November 20, 2024** |
| **Plaintiff-Respondent,** ) | |
| ) | **Melanie Gagnepain, Clerk** |
| v. ) | |
| ) | **THIS IS AN UNPUBLISHED** |
| KYLE CHASE MILLER, ) | **OPINION AND SHALL NOT** |
| ) | **BE CITED AS AUTHORITY** |
| **Defendant-Appellant.** ) | |
| ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Javier L. Gabiola, District Judge.

Judgments of conviction and aggregate sentence of thirteen years, with a minimum period of incarceration of four years, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

———————————————————————

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

———————————————————————

PER CURIAM

This consolidated appeal involves three cases. Miller reached a plea agreement with the State wherein, in part, in Docket No. 50861, Miller pleaded guilty to grand theft, Idaho Code § 18-2403(1); in Docket No. 50862, Miller pleaded guilty to burglary, I.C. § 18-1401; and in Docket No. 50863, Miller pleaded guilty to burglary, I.C. § 18-1401, and grand theft, I.C. § 18-2403(1). In exchange for his guilty pleas, additional charges and a persistent violator sentencing enhancement were dismissed. In Docket No. 50861, for the grand theft conviction, the district court imposed a unified thirteen-year sentence, with a minimum period of incarceration of four years. In Docket No. 50862, for the burglary conviction, the district court imposed a unified ten-

1

year sentence, with a minimum period of incarceration of four years. In Docket No. 50863, for the burglary conviction, the district court imposed a unified ten-year sentence, with a minimum period of incarceration of four years; and for the grand theft conviction, the district court imposed a unified thirteen-year sentence, with a minimum period of incarceration of four years. All sentences were ordered to run concurrently. Miller appeals, contending that the district court abused its discretion by failing to place him on probation.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation. I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The records in these cases shows that the district court properly considered the information before it and determined that probation was not appropriate.

Applying these standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion. Therefore, Miller's judgments of conviction and sentences are affirmed.