# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 51389 & 51390

|  |  |
|---|---|
| STATE OF IDAHO, ) | |
| ) | Filed: April 9, 2025 |
| Plaintiff-Respondent, ) | |
| ) | Melanie Gagnepain, Clerk |
| v. ) | |
| ) | THIS IS AN UNPUBLISHED |
| VILMOS ZAFIU, ) | OPINION AND SHALL NOT |
| ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael Dean, District Judge.

Judgments of conviction and concurrent jail sentences for two counts of second degree stalking in Docket No. 51389, affirmed; judgment of conviction and consecutive unified sentence of five years, with a minimum period of incarceration of four years for first degree stalking in Docket No. 51390, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

This appeal involves two consolidated cases. In Docket No. 51389, Vilmos Zafiu was found guilty of two counts of misdemeanor stalking in the second degree, Idaho Code § 18-7906. The district court imposed concurrent sentences of 365 days in county jail, with credit for 232 days. In Docket No. 51390, Zafiu pled guilty to felony stalking in the first degree, I.C. § 18-7905.[1]

---

[1] Zafiu was also found guilty of two additional counts of misdemeanor stalking; those convictions are not at issue in this appeal.

1

The district court imposed a unified sentence of five years, with a minimum period of incarceration of four years, to run consecutively to the sentences in Docket No. 51389. In exchange for his guilty plea, additional charges were dismissed. Zafiu appeals, contending that his sentences are excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction. I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation/retaining jurisdiction was not appropriate.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Zafiu's judgments of conviction and sentences are affirmed.