**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51701**

| | |
|---|---|
| STATE OF IDAHO,<br><br>  Plaintiff-Respondent,<br><br>v.<br><br>ERIC ALEXANDER CAMPBELL,<br><br>  Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Filed: October 7, 2025**

**Melanie Gagnepain, Clerk**

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Lamont C. Berecz, District Judge.

Judgment of conviction and unified sentence of seven years, with a minimum period of confinement of one and one-half years, for possession of a controlled substance; concurrent, unified sentence of five years, with a minimum period of confinement of one and one-half years, for assault or battery on a law enforcement officer; three hundred sixty-five days for resisting and obstructing officers; and three hundred sixty-five days for providing false information to law enforcement officers, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LORELLO, Judge
and TRIBE, Judge

_____

PER CURIAM

Eric Alexander Campbell was found guilty of possession of a controlled substance (Idaho Code § 37-2732(c)(1)), assault or battery on a law enforcement officer (I.C. § 18-915), resisting and obstructing officers (I.C. § 18-705), and providing false information to law enforcement officers (I.C. § 18-5413). The district court sentenced Campbell to a unified term of seven years, with a minimum period of confinement of one and one-half years, for possession of a controlled

1

substance, a concurrent, unified term of five years, with a minimum period of confinement of one and one-half years, for assault or battery on a law enforcement officer, and three hundred sixty-five days each for resisting and obstructing officers and for providing false information to law enforcement officers.[1]  Campbell appeals, arguing that his sentences are excessive and that the district court should have placed him on probation.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction.  I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).  The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.  Therefore, Campbell's judgment of conviction and sentences are affirmed.

---

[1]     All counts were ordered to run concurrently.