**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52566**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: December 19, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| NANYOW CLEMENTE SANCHEZ, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of incarceration of three years, for domestic battery with traumatic injury, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

_____

PER CURIAM

Nanyow Clemente Sanchez pleaded guilty to domestic battery with traumatic injury, Idaho Code § 18-918(2). In exchange for his guilty plea, additional charges were dismissed. The district court imposed a unified sentence of ten years, with a minimum period of incarceration of three years. Sanchez appeals, asserting the district court abused its discretion by failing to place Sanchez on probation.[1]

---

[1]     Sanchez filed an Idaho Criminal Rule 35 motion, which the district court denied. Sanchez does not challenge the denial of his I.C.R. 35 motion on appeal.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction. I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Sanchez's judgment of conviction and sentence are affirmed.