**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52855**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  March 18, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| DANIEL PETER FLOYD, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Boundary County.  Hon. Susie Jensen, District Judge.

Judgment of conviction and determinate term of five years for unlawful possession of destructive devices or bombs, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Daniel Peter Floyd pled guilty to unlawful possession of destructive devices or bombs, Idaho Code § 18-3319.  In exchange for his guilty plea, the State agreed not to file additional charges.  The district court sentenced Floyd to a determinate term of five years.  Floyd filed an Idaho Criminal Rule 35 motion, which the district court denied.[1]  Floyd appeals, arguing that the district court abused its discretion by imposing an excessive sentence.  Specifically, Floyd argues the district court should have placed him on probation or given him a lesser sentence.

_____

[1]     On appeal, Floyd does not challenge the district court's denial of his Rule 35 motion for reduction of sentence.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction. I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Floyd's judgment of conviction and sentence are affirmed.