# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52798

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 24, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| BRANDON LEE RICHARDS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick J. Miller, District Judge.

Order relinquishing jurisdiction, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; GRATTON, Judge;
and LORELLO, Judge

_____

PER CURIAM

Brandon Lee Richards pled guilty to possession of a controlled substance, Idaho Code § 37-2732(c). In exchange for his guilty plea, an additional charge was dismissed in this case and a separate case was dismissed in its entirety. The district court sentenced Richards to a unified term of five years, with a minimum period of confinement of two years; however, the district court suspended the sentence and placed Richards on probation and ordered Richards to complete Mental Health Court. Subsequently, Richards filed a motion to neutrally discharge from Mental Health Court. After a hearing on the motion, the district court revoked and reinstated Richards' probation and removed the requirement that he complete Mental Health Court. In 2024, Richards admitted to violating the terms of the probation, and the district court consequently revoked

1

probation and ordered execution of the original sentence but retained jurisdiction. The Idaho Department of Corrections recommended the district court relinquish jurisdiction. The district court relinquished jurisdiction and imposed the underlying sentence. Richards appeals, claiming that the district court erred by refusing to grant probation.

The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Richards has failed to show that the district court abused its discretion in relinquishing jurisdiction.

The order of the district court relinquishing jurisdiction is affirmed.